UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-0327 FMO (SHKx) | Date | **May 2, 2023** |
|---|---|---|---|
| Title | **Martha Hernandez v. PetSmart, LLC** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:**     (In Chambers) Order Re: Motion to Remand

On July 8, 2022, plaintiff Martha Hernandez ("plaintiff"), filed a complaint in the San Bernardino County Superior Court ("state court") against Petsmart LLC ("defendant" or "Petsmart"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt.1-1, Complaint). On February 24, 2023, defendant removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at ¶ 7). Plaintiff now seeks remand on the ground that the removal was untimely. (See Dkt. 14, Plaintiff's Motion to Remand [] ("Motion")). Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir.

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-0327 FMO (SHKx) | Date | **May 2, 2023** |
|---|---|---|---|
| Title | **Martha Hernandez v. PetSmart, LLC** | | |

2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).

**DISCUSSION**[2]

Section 1446(b)(1) of Title 28 of the United States Code requires a defendant to remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

While the 30-day time limit is procedural rather than jurisdictional, "the time limit is mandatory and a timely objection to a late petition will defeat removal[.]" Smith v. Mylan, Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted). Indeed, the statutory removal deadline "must be strictly complied with, and is to be narrowly construed." United States ex rel. Walker v. Gunn, 511 F.2d 1024, 1026 (9th Cir. 1975); Kang v. Allied Consultants, Inc., 2021 WL 1010629, *1 (C.D. Cal. 2021) (same).

At issue here is the second 30-day window set forth in 28 U.S.C. § 1446(b)(3). Defendant removed the action on February 24, 2023, and represented that removal was timely because plaintiff's responses to "discovery were served on January 26, 2023," which disclosed an amount in controversy over $75,000. (See Dkt. 1, NOR at ¶ 5); (Dkt. 1, Declaration of Rudie D. Baldwin ("Baldwin Decl.") at ¶ 5); (Dkt. 1-2, Statement of Damages). But plaintiff contends that, contrary to defendant's representations, she served her discovery responses on January 24, 2023, not January 26, 2023, (Dkt. 14, Motion at 6); (Dkt. 1-2, Plaintiff's Statement of Damages), and thus removal was untimely. (See Dkt. 14, Motion at 4).

Defendant does not dispute that plaintiff emailed her statement of damages to defendant's counsel on January 24, 2023. (See, generally, Dkt. 18, Defendant, Petsmart, LLC's Opposition to Plaintiff's Motion to Remand ("Opp.") 2). Nor does defendant contend that the statement of damages was insufficient to ascertain that the case was removable. (See, generally, id.). Instead, defendant contends that plaintiff failed to email the statement of damages to the email account for service of documents, service@amarolayers.com, and as a result, defense counsel and their staff did not "discover" the statement of damages until January 26, 2023. (Dkt. 18, Opp at 2)

---

[2] Capitalization, quotation marks, and emphasis in record citations may be altered without notation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-0327 FMO (SHKx) | Date | **May 2, 2023** |
|---|---|---|---|
| Title | **Martha Hernandez v. PetSmart, LLC** | | |

(contending that defendant's paralegal "first discovered the email on January 26"); (see id. at 4) (contending that "plaintiff does not take the position that removal was untimely, if measured from the date plaintiff's email was discovered, January 26, 2023").

Even assuming that plaintiff failed to serve the statement of damages by emailing it to the defense counsel's preferred email address, defendant's contention that its removal is timely is unpersuasive.  Defendant's position rests on its mistaken belief that the removal clock was not triggered unless it was "formally served" with the statement of damages.  (See Dkt. 18, Opp. at 5).  However, the plain text of § 1446(b)(3) contradicts that notion.  To reiterate, § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of . . . other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) (emphasis added).  Defendant does not dispute that it received the statement of damages on January 24, 2023.  (See, generally, Dkt. 18, Opp); (see Dkt. 14-1, Amaro Baldwin email at ECF 119) (defense email thanking plaintiff for discovery responses).  And although the email attaching the statement of damages was not sent to the email address defense counsel preferred for service of documents, it was sent directly to defendant's counsel, Bradley Makorow and Rudie Baldwin, and two paralegals.  (See Dkt. 14, Motion at 8); (id., Declaration of Joshua Glotzer ("Glotzer Decl.") at ¶ 4); (Dkt. 14-1, Joshua Glotzer Email at ECF 119) ("Please see responses to discovery attached.").  Indeed, plaintiff's January 24, 2023, email attaching the statement of damages was sent as a reply to Makorow's email earlier that day reminding plaintiff that "discovery responses and responses to the statement of damages are due today."  (See Dkt. 14, Glotzer Decl. at ¶ 4); (Dkt. 14-1, Bradley Makorow Email at ECF 120).  Thus, on January 24, 2023, defendant, through its counsel, was in "receipt . . . through service or otherwise" of the statement of damages.[3]  Accordingly, defendant's removal, measured from

---

[3] Defendant's reliance on Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121 (9th Cir. 2013) is misplaced.  (See Dkt. 18, Opp at 5).  In Roth, the operative complaint was "indeterminate" regarding removability.  See 720 F.3d at 1125.  After defendant conducted its own investigation and determined that the case was removable under CAFA, defendant removed the action.  The court in Roth held that "§§ 1441 ad 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."  Id. at 1125.  It observed, however, that those statutes "place strict limits on a defendant who is put on notice of removability by a plaintiff."  Id.  Here, unlike the defendant in Roth, defendant received a document from plaintiff that made it clear the case was removable.  As noted above, the statement of damages was received by defendant's counsel and their paralegals on January 24, 2023.  That all recipients failed to view the email, which clearly included the words "Discovery Responses" in the subject line, (see Dkt. 14-1, Glotzer Email at ECF 119), until January 26, 2023, does not mean that they did not receive notice that the case was removable on January 24, 2023.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-0327 FMO (SHKx) | Date | **May 2, 2023** |
|---|---|---|---|
| Title | **Martha Hernandez v. PetSmart, LLC** | | |

January 24, 2023, was untimely.[4]

      Based on the foregoing, IT IS ORDERED THAT:

      1.  Plaintiff's Motion to Remand **(Document No. 14)** is **granted in part** and **denied in part**. The Motion is denied as to attorney's fees.

      2.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of San Bernardino.

      3.  The Clerk shall send a certified copy of this Order to the state court.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | gga |

---

[4] Under § 144(c), "an order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 144(c). The test for awarding attorney's fees is whether it was objectively reasonable for defendant to remove the case to federal court. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Id. at 136, 126 S.Ct. at 708. Although the court is troubled by defendant's initial false representation to this court that plaintiff's discovery responses were "served" on January 26, 2023, (see Dkt. 1, NOR at ¶ 5); (Dkt. 1, Baldwin Decl. at ¶ 5), the court finds that attorney's fees under 28 U.S.C. § 1447(c) are unwarranted.